| |
|---|
| MICHAEL J. REDENBURG, ESQ. PC |
| Michael Redenburg, Esq. (NY #MR4662) |
| 32 Broadway, Suite 412 |
| New York, NY 10004 |
| Telephone: (212) 240-9465 |
| Facsimile: (917) 591-1667 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **TRELON REESE and** **OMAR REESE,** | **Complaint** |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | Civ. No.: 25-cv-6128 |
| **CITY OF NEW YORK, NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4, individually and in their official capacities,** | |
| Defendants. | |

**PRELIMINARY STATEMENT**

1. Plaintiff brings this civil rights action against CITY OF NEW YORK, NYPD Officer AMANDA EBRAHIM, and John Doe Officers 1 through 4, alleging that defendants violated their rights under 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution by falsely arresting then, for using unreasonable force during the arrest encounters causing Plaintiffs to sustain serious bodily injury, and for defendants' failure to intervene and prevent such conduct.

2. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth & Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §1331 and §1343.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391 (b) and (c) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District and because the Plaintiffs reside in this District.

## DEMAND FOR A JURY TRIAL

5. Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiffs TRELON REESE and OMAR REESE are brothers, 25 years old and 23 years old, respectively, and are residents of Bronx County in the City and State of New York.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 are members of the New York City Police Department ("NYPD") who were so employed on April 4, 2025. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 were acting under color of state law and in their capacities as members of the NYPD at all relevant times. Defendants NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 are being sued in their individual and official capacities.

2

## STATEMENT OF FACTS

9. The Incident which is the subject of the instant Complaint took place on April 4, 2025 at approximately 10:00 p.m.

10. The Plaintiffs are "street performers" and were breakdancing in the Times Square section of Manhattan at or near Seventh Avenue, between 44th and 45th Streets, in what is referred to as the green zone.

11. In furtherance of their performance, Plaintiffs had with them a speaker, which played music.

12. At or near 10:00 p.m., April 4, 2025, numerous NYPD Officers, including NYPD Officer AMANDA EBRAHIM approached the Plaintiffs and told Plaintiffs to turn the music off.

13. Another Officer, NYPD Officer DOE, then grabbed the Plaintiffs' speaker and TRELON REESE attempted to grab it back, as it was property of the REESES'.

14. NYPD Officer DOE then told Plaintiff TRELON REESE that if TRELON REESE did not let go of the speaker, that he would be going to jail.

15. Backup was called for, with numerous NYPD Officers descending on the scene, with Officers rushing TRELON REESE and other NYPD Officers grabbing and punching OMAR REESE in the face, then taking OMAR REESE to the ground.

16. Once Plaintiff OMAR REESE was face-down on the ground, with officers' knees on his neck and back, OMAR REESE was punched in his face and head by NYPD Officers' closed fists, at least ten (10) times.

17. Watching his younger brother being brutally assaulted by members of the NYPD, TRELON REESE tried to intervene and protect his younger brother OMAR REESE.

18. As TRELON REESE tried to intervene and protect his younger brother, OMAR REESE, TRELON REESE was tazed in his stomach and left hip, finally being slammed to the ground, face down. Once on the ground, face down, NYPD Officers started punching TRELON REESE in the back of the head, and TRELON REESE could overhear an NYPD Officer on the scene yelling at the NYPD Officer(s) relentlessly punching TRELON REESE to "stop."

19. Once the brutal assault upon TRELON REESE'S person came to a conclusion, he was handcuffed and dragged away like a "rag doll" with his shoulders twisted behind his back, all resulting in left shoulder pain and injury.

20. Both TRELON REESE and OMAR REESE were then taken to the police precinct where they both spent approximately fifteen (15) hours.

21. Subsequently, both TRELON REESE and OMAR REESE were transported to Central Booking, and they were both arraigned at about 3 p.m. on Sunday, April 6, 2025, Manhattan Criminal Court.

22. At arraignment, both TRELON REESE and OMAR REESE learned that they had been accused of dubious charged, sometimes referred to as the "trifecta," which officers routinely charge individuals with when they really have nothing "real" to charge them with.

23. Upon release from Manhattan Criminal Court, with both TRELON REESE and OMAR REESE being released on their own recognizance, both TRELON REESE and OMAR REESE presented to Bronx Lebanon Hospital, to obtain treatment for the injuries they sustained at the hands of the NYPD Officers.

24. At Bronx Lebanon Hospital TRELON REESE complained of left shoulder injury and pain, while OMAR REESE complained of neck and back injury and pain.

25. Thereafter, both TRELON REESE and OMAR REESE received further medical treatment for the injuries they sustained.

26. Ultimately, the dubious charges levied against the Plaintiffs were dismissed in the entirety on or about July 22, 2025.

27. As a result of the foregoing, Plaintiffs TRELON REESE and OMAR REESE suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care and treatment and all to their detriment.

**FIRST CLAIM**
*Unlawful Search and Seizure*

28. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

29. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

30. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

31. As a result of the foregoing, Plaintiffs suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, embarrassment, degradation and physical injury requiring medical care and treatment - all to their detriment.

## SECOND CLAIM
*False Arrest*

32. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

33. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments because they arrested Plaintiffs without probable cause to believe that a crime had been committed or was about to be committed.

34. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
*Failure to Intervene*

35. Plaintiffs repeats and realleges each and every allegation as if fully set forth herein.

36. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 were present and observed the unlawful conduct as against the Plaintiffs; they had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct- but consciously failed and refused to intervene.

37. Accordingly, Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### UNREASONABLE FORCE UNDER 42 U.S.C. §1983

39. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

40. Defendant NYPD Officer AMANDA EBRAHIM and NYPD Officers JOHN DOES 1 through 4 violated the Fourth and Fourteenth Amendments when they physically assaulted Plaintiffs, TRELON REESE and OMAR REESE, by forcefully punching them in their heads, and otherwise assaulting them – and this degree of force was completely unreasonable because it was not necessary at the time that the Plaintiffs was so assaulted.

    Plaintiffs had no weapons or contraband on their person, making the degree of force used against them unconscionable.

41. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the injuries and damages hereinbefore alleged.

## FIFTH CLAIM
### MONELL CLAIM

42. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

43. Defendant CITY OF NEW YORK is a "person" within the meaning of 42 U.S.C. §1983.

44. The acts complained of were carried out by the aforementioned defendants in their capacities as police officers and officials pursuant to customs, policies, usages, practices,

procedures and rules of the City and NYPD, all under the supervision of ranking officers of the NYPD.

45. The City is liable for the damages suffered by Plaintiffs as a result of the conduct of their employees, agents, servants, in that, after learning of their employees' violation of Plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy and/or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

46. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of Plaintiffs' constitutional rights in this case.

47. The Incident that Plaintiffs complain of is not an isolated incident. The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of the City's police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obvious illegal actions of their fellow officers. Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

48. In addition, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the

fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them. In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

49. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following-up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer.

50. Further, the City has no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated its law department from the discipline of police officers so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.

51. The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights. Despite such notice, the City has failed to take corrective action. This failure and these policies caused the officers in the present case to violate Plaintiffs' civil rights without fear of reprisal.

52. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

53. As a result of the foregoing, Plaintiffs suffered an unlawful detention, loss of liberty, emotional distress, fear, anxiety, humiliation, degradation and physical injury requiring medical care and treatment- and all to their detriment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs; and

d. Such other relief as this Court shall deem just and proper.

Dated: July 25, 2025
New York, NY

s/Michael J. Redenburg
Michael J. Redenburg (NY #MR4662)
MICHAEL J. REDENBURG, ESQ. PC
32 Broadway, Suite 412
New York, NY 10004
mredenburg@mjrlaw-ny.com
1-212-240-9465 (Phone)
1-917-591-1667 (Fax)